UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMY ROUBIDEAUX, | CIV. 10-5031-JLV |
| Plaintiff, | |
| vs. | ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* |
| BOB DOOLEY, Warden of the South Dakota Penitentiary at Springfield, South Dakota; and MARTY JACKLEY, Attorney General of the State of South Dakota, | |
| Defendants. | |

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket 2). In his petition, plaintiff asserts that he was convicted, based on his guilty pleas, in Circuit Court, First Judicial Circuit, Yankton County, South Dakota, of the crimes of third offense driving while under the influence of an alcoholic beverage ("DUI"), fourth offense DUI, possession of a controlled substance, and second offense DUI. (Docket 1, p. 1). He asserts that these convictions cannot stand as the circuit court did not have jurisdiction because of a ruling of the "United States Court of Appeals for the Eighth Circuit 8/25/09 that the state of South Dakota had no jurisdiction of any enrolled member of the Yankton Sioux Tribe to prosecute as such." (Docket 1, p. 5).

The case to which plaintiff is referring is Yankton Sioux Tribe v. Podhradsky, 577 F.3d 951 (8th Cir. 2009).

By determination of the federal district court, the land within the exterior boundaries of the Yankton Sioux Tribe Reservation consists of 430,495 acres in the central to southeastern portion of Charles Mix County, South Dakota. See Yankton Sioux Tribe v. Southern Missouri Waste Management District, 890 F. Supp. 878 (D.S.D. 1995), *rev'd on other grounds*, South Dakota v. Yankton Sioux Tribe, 522 U.S. 329 (1998). This reservation boundary determination was just reaffirmed by the Eighth Circuit Court of Appeals in Yankton Sioux Tribe v. Podhradsky, Nos. 08-1441/1488, ___ F.3d ___ (8th Cir. May 6, 2010) (amended opinion).

It is unclear from plaintiff's complaint whether the underlying conduct on which his convictions were based occurred in Yankton County or Charles Mix County, South Dakota. Under § 2254(b)(1)(A), a district court may not grant a petition unless it appears that applicant has exhausted the remedies available to him in state court. Under § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."

Chapter 21-27 of the South Dakota Codified Laws provides the state mechanism for habeas corpus relief. S.D.C.L. § 21-27-16(1) specifically

addresses challenges to the state court's jurisdiction.  An application for habeas corpus relief can be filed in South Dakota at any time.  S.D.C.L. § 21-27-3.1.  Based on this analysis, it is the finding of the court that plaintiff has not exhausted the remedies available to him in state court.  In accordance with 28 U.S.C. § 2254(b)(1)(A), the court does not have jurisdiction to proceed or grant plaintiff the relief he seeks from the court.  Now therefore, it is hereby

ORDERED that plaintiff's petition (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 2) is denied as moot.

IT IS FURTHER ORDERED that the initial filing fee for this action is waived.

Dated May 6, 2010.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE